STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. CV-22-78

STATE OF MAINE,              )
                            )
        Plaintiff,           )
                            )
    v.                       )          **JUDGMENT**
                            )
JESSE D. GUYETTE,            )
                            )
        Defendant.          )

The court conducted a damages hearing in this matter on September 20, 2023. Plaintiff State of Maine appeared through its counsel. Defendant Jesse D. Guyette did not appear at the hearing and has not appeared in or defended this action. His default was entered on November 22, 2022. The State called four witnesses and introduced four exhibits at the hearing. Based on the evidence presented at hearing and the entry of default against Defendant, the court makes the following findings:

1.      For several years, and at least since 2018, Defendant was self-employed as a contractor, specializing in masonry work in the Rangeley area.

2.      Starting in 2018, in connection with his contractor work, Defendant engaged in unfair acts or practices in the conduct of trade or commerce in violation of the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207. Specifically, Defendant failed to start work for which he contracted with customers; he failed to refund deposits paid for work he did not perform; he required and received a deposit from a customer that exceeded 1/3 of the total contract price, in violation of 10 M.R.S.A.

§ 1487(5); he intentionally misrepresented that he purchased supplies to obtain a deposit from a customer; he intentionally misrepresented the reasons he had not completed the work; and after agreeing to issue refunds, he ceased communicating with customers and left Maine.

3. Defendant committed three separate violations of section 207 in connection with three different customers and such violations were intentional.

4. Defendant's violations have resulted in ascertainable loss to customers in the amount of $8,250.

5. Defendant's conduct demonstrates that he cannot be trusted to perform work independently, to receive and control funds paid by customers, to be responsible for purchasing supplies, to schedule work, or to manage or respond to complaints or requests for refunds, and therefore permanent injunctive relief is appropriate to protect consumers.

Accordingly, the court hereby enters judgment in favor of the State and against Defendant, and orders as follows:

(i) Defendant shall pay to the State a civil penalty of $15,000 for his intentional violations of section 207. *See* 5 M.R.S.A. § 209[1];

---

[1] The applicable statute provides for a civil penalty of "not more than $10,000" for "[e]ach intentional violation of section 207 in which the Attorney General establishes that the conduct giving rise to the violation is either unfair or deceptive . . . ." 5 M.R.S.A. § 209. The State seeks a penalty of $30,000, or $10,000 per violation. The court has determined that a penalty of $5,000 per violation is appropriate given the nature of the conduct and the monetary loss.

(ii)     Defendant shall pay to the State restitution in the amount of $8,250, to be distributed by the State as follows: $6,250 to Paul Anderson and $2,000 to Martin Grohman;

(iii)    Pre-judgment interest shall accrue on the judgment from the date of the filing of the complaint to the date of entry of the judgment at the rate of 3.29%;

(iv)    Post-judgment interest shall accrue on the judgment from the date of entry of the judgment at the rate of 10.73%; and

(v)     Defendant, his agents, servants, employees, and all those persons in active concert or participation with him who receive notice hereof, are permanently enjoined from:

a.     Soliciting consumers or advertising as a contractor providing masonry services or supplies or any services that constitute home construction or home repair services;

b.     Contracting for or providing masonry services or supplies or any services that constitute home construction or home repair services, except that Defendant may provide such services as a W-2 employee of a contractor or subcontractor providing those services who is a disinterested third party, and in whose business he has no control, ownership, or financial interest, except the indirect financial interest of an employee earning wages and benefits;

c.       Taking payment or receiving any money or property from any consumer for masonry services or supplies or any services that constitute home construction or home repair services;

d.       Taking payment or receiving any money or property from any person or business in consideration of, in renumeration of, or as compensation for the referral or communication of any customer, contract, work, job, or project relating to masonry services or supplies or any services that constitute home construction or home repair services;

e.       Hiring any subcontractor to perform or provide masonry services or supplies or any services that constitute home construction or home repair services for the benefit, whether in whole or in part, of a third party; and

f.       Establishing, incorporating, forming, opening, owning, managing, directing, or operating any business entity for the purpose of performing or providing any masonry services or supplies or any services that constitute home construction or home repair services.

The clerk is directed to enter this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 10/16/23

_____
Julia M. Lipez
Justice, Superior Court